IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                          CASE NO. 5:25-CR-50005-001 & -002

JASON BOYD CARNEY and
LACEY CHRISTINA CARNEY                                          DEFENDANTS

## ORDER

Now before the Court is the Government's First Motion in Limine (Doc. 96) seeking to prohibit defense counsel from making certain arguments and/or attempting to introduce certain evidence at trial. Separate Defendant Jason Boyd Carney filed a Response in Opposition to the Motion (Doc. 131). In this motion the Government raises eight separate liminal issues, which the Court will address in turn.[1]

### I. Selective Prosecution, Prosecutorial Motives, Deficiency of Investigation

First, the Government asks the Court to prohibit suggestions to the jury that the Government engaged in selective prosecution of the Defendants, for example, by questioning the Government's prosecutorial motives or charging decisions or by pointing out the general prevalence of the same or similar wrongdoing in society at large. Mr. Carney agrees and stipulates that he will not argue selective prosecution and will not suggest to the jury that he is being unfairly singled out because of his political or religious beliefs. Beyond that, though, Mr. Carney objects to the breadth of the request and

---

[1] There is a ninth section in the Motion that requires no ruling. In it, the Government simply places Defendants on notice that it intends to move to admit certain summary charts and demonstrative exhibits under Rules 1006 and 611(a). The charts and exhibits are not attached.

1

contends that he is entitled to explore the personal biases and motives of the Government's witnesses and deficiencies in the Government's investigation.

As to the types of remarks for which the parties find common ground, the Court will prohibit arguments sounding in selective prosecution or improper prosecutorial motive. However, the Court will need more context to define the bounds of a given individual witness's personal biases and motives, as well as their general and specific involvement with law enforcement's investigation. For example, questions that expose defects in law enforcement's investigation or the credibility of the Government's evidence are generally fair game. On the other hand, questioning a witness with a laundry list of investigative tasks that hypothetically could have been performed (but were not) is generally not appropriate. Such evidence is excludable where its relevance is minimal, where it tends to confuse the proper issue (i.e., whether the government's actual evidence is credible, reliable, and sufficient to meet its burden of proof), and where it otherwise amounts to a waste of time. *See United States v. Cordova*, 157 F.3d 587, 594 (8th Cir. 1998) (finding that "an exhaustive exploration of things not done in the investigation would be time-consuming and of little relevance" and that the district court may properly impose reasonable limits on testimony that confuses the issues or is repetitive). Here, without the benefit of the proposed questions and surrounding factual context, the Court cannot presently say how Rule 403's considerations should be weighed. Accordingly, the Government's first liminal argument is **GRANTED IN PART** as to selective prosecution and improper prosecutorial motive and **DEFERRED IN PART** with respect to deficiencies in the investigation.

2

## II. Defendants' Prior Statements

The Government's second request is that the Court preclude Defendants from eliciting their own prior out-of-court statements and/or those of the Defendants' agents or co-conspirators, as such statements would be hearsay. The Government offers no specific examples, and Mr. Carney objects to a categorical ban on the presentation of out-of-court statements, as they may be admissible under an exception to the hearsay rule. *See* Fed. R. Evid. 803. The Court will apply the Federal Rules of Evidence and exclude improper hearsay from trial. Beyond that, the Court will not make any specific rulings until confronted with the out-of-court statement and its surrounding context. A ruling on this issue is therefore **DEFERRED**. With that said, defense counsel should not refer to a defendant's out-of-court statement during opening statements without the Court's specific permission. And where defense counsel believes it is appropriate to introduce such statements during trial, they must first seek leave of court outside the hearing of the jury.

## III. Impeachment Methods

The third liminal issue asks the Court to bar improper methods of impeachment, including counsel offering prior inconsistent statements without first confronting the declarant or misusing Memoranda of Investigation and other investigative reports. The Court will enforce Rule 613, but the request is presently too generic to permit a pre-trial ruling and is therefore **DEFERRED** until trial.

## IV. Evidence of Good Conduct Under Rule 405(b)

The fourth liminal argument seeks to prohibit Defendants from offering testimony or evidence describing their specific instances of good conduct. The Government

correctly notes that where character evidence *is* admissible, Rule 405 defines the methods of proving character and limits the use of specific instances of a person's conduct to cross-examination of the character witness. *See* Fed. R. Evid. 405(a). Specific-instance evidence may also be appropriate where character or a character trait is an essential element of a charge or defense. *See* Fed. R. Evid. 405(b). According to the Government's reasoning, Defendants are charged with fraud, structuring financial transactions to evade reporting requirements, and making false statements on tax returns—none of which include character or a character trait as an essential element— therefore the Carneys should be precluded from "attempting to show character through good acts." (Doc. 96, p. 9).

Mr. Carney agrees that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). But he points to the permissible uses of character evidence and worries that the Government seeks to deny him the opportunity to testify about his personal background, employment history, charitable work, and involvement in religious organizations, which he believes is necessary for the jury to assess his credibility.

The Court will prohibit Defendants from admitting evidence of their specific acts of charity and good character because such evidence is not pertinent to an element of any claim, charge, or defense in this case under Rule 405(b). With that said, however, if either Defendant takes the stand, the Court will permit them to describe for the jury their personal backgrounds, family members, and their work history (including, in *general* terms, their involvement with non-profit companies and religious organizations). Doing so

4

will, of course, expose them to cross-examination on those topics and others, as provided under Rule 607. It will also open the door to an attack of their credibility as witnesses, as provided under Rule 608.

Accordingly, the Court **GRANTS IN PART, DENIES IN PART, AND DEFERS IN PART** the ruling on the fourth liminal issue, as described above.  In the context of trial, if defense counsel seeks to introduce potentially admissible charitable-acts or good-works testimony as character evidence, they must first request a sidebar, reference this portion of the Order, and make a proffer.

### V. Absence of Witnesses

The fifth liminal argument asks that counsel not be permitted to comment on the absence of any one witness at trial, much less invite the jury to draw a negative inference from the witness's absence. Mr. Carney is not opposed to this part of the Motion, and it is **GRANTED**.

### VI. Possible Punishments

The sixth liminal request seeks to prohibit defense counsel from mentioning to the jury the possible range of punishment Defendants could face if convicted. The Court agrees that federal juries are not tasked with imposing punishment—and are, in fact, instructed not to consider punishment in any way when rendering a verdict.  *See* 8th Cir. Model Crim. Inst. 3.12. The sixth request is therefore **GRANTED**. Of course, this ruling does not preclude counsel from emphasizing to the jury the gravity and importance of its decision.

### VII. Jury Nullification

The seventh liminal argument seeks to preclude improper argument that could lead to jury nullification, i.e., suggesting to the jury that it should base its decision on anything other than the facts in evidence and the Court's instructions as to the law. Defendants agree, and this part of the Motion is **GRANTED**.

### VIII. Government Misconduct

Finally, the eighth liminal argument asks that counsel be barred from alleging in the jury's presence that the Government committed misconduct or from mentioning anything related to the volume, timing, or content of discovery. Defendants agree. Therefore, this part of the Motion is **GRANTED**.

**IT IS ORDERED** that the Government's First Motion in Limine (Doc. 96) is **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART**, as stated above.

**IT IS SO ORDERED** on this 4th day of May, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE