**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                          **CASE NO. 5:25-CR-50005-001 & -002**

**JASON BOYD CARNEY and
LACEY CHRISTINA CARNEY**                                    **DEFENDANTS**

**ORDER**

Before the Court are the Government's Second, Third (as supplemented), and Fourth Motions in Limine (Docs. 97, 98, 99, 162). Defendant Jason Boyd Carney filed Responses in Opposition to the Second Motion and Third Motions (Docs. 132, 133, 163) but did not respond to the Fourth Motion. Defendant Lacey Christina Carney did not respond at all.

### I. Second Motion In Limine – Advice-of-Counsel Evidence

The Second Motion in Limine seeks to preclude Defendants from offering evidence or argument regarding an advice-of-counsel defense. Mr. Carney responds that he has no intention of arguing such a defense or requesting a related jury instruction. At the same time, he asks that the Court not limit any witness from testifying truthfully if they took or refrained from taking a particular action based on advice of counsel.

The Court agrees with the Government that advice-of-counsel evidence is likely to only be relevant in the context of a *proper* good-faith defense. According to the Government, it has not received notice of such a defense, much less reciprocal discovery on this topic. More recently, though, Mr. Carney *has* submitted a proposed good-faith jury instruction as a theory of defense to the tax counts—to which the Government objects. The Motion (Doc. 97) is therefore **GRANTED IN PART**—counsel may not mention or

1

elicit advice-of-counsel evidence outside the context of a proper good faith defense; and **DEFERRED IN PART** until such time as counsel can proffer the evidence and tie it to a proper good-faith defense. *See* Eighth Circuit Model Instructions – Criminal 9.08A, 9.08B, and 9.09. Any such proffer must also demonstrate compliance with any required reciprocal discovery obligations.

### III. Third Motion in Limine – Bank Records and Electronic Communications

The Third Motion in Limine constitutes notice to Defendants of the Government's intent to admit various records of regularly conducted activity under Federal Rules of Evidence 803(6) and 902(11) and certified data copied from an electronic device or storage medium under Rule 902(14). In response to the bank records issue, Mr. Carney agrees and stipulates to the authenticity and admissibility of all bank records listed in the Motion—except those of the Standard Bank of Malawi Limited, which is the subject of a separate motion in limine. He further stipulates to the admissibility of records from specifically identified retailers, charitable organizations, and other businesses. *See* Doc. 163, p. 2. Regarding electronic communications, Mr. Carney stipulates to the self-authenticating nature of such records, however he reserves the right to object to admissibility on other grounds, such as relevance, hearsay, and unfair prejudice.

The Third Motion in Limine (Doc. 98) is therefore **GRANTED IN PART AND DEFERRED IN PART**. All bank records identified in the Motion will be deemed admissible except for the records of the Standard Bank of Malawi—whose admissibility is contested and will be resolved at a later date, if not at the time of trial. Likewise, the records of the other identified businesses and organizations are deemed admissible without objection. The electronic evidence from Mr. Carney's cell phone is stipulated to

be authentic and generally admissible under Rule 902 without a sponsoring witness, but the Court will reserve its ruling on the evidence's overall admissibility until such time as it is presented at trial.

### III.  Fourth Motion in Limine – IRS Civil Assessment

The Fourth Motion in Limine seeks to exclude all evidence related to the civil tax assessment levied against the Carneys for information omitted from their 2018 filed tax return. The Motion (Doc. 99) is unopposed and therefore **GRANTED**.

Accordingly, **IT IS ORDERED** that the Government's Second Motion in Limine (Doc. 97) is **GRANTED IN PART AND DEFERRED IN PART**; the Government's Third Motion in Limine (Doc. 98) is **GRANTED IN PART AND DEFERRED IN PART**; and the Government's Fourth Motion in Limine (Doc. 99) is **GRANTED**.

**IT IS SO ORDERED** on this 5th day of May, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

3