IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                         CASE NO. 5:25-CR-50005-001 & -002

JASON BOYD CARNEY and
LACEY CHRISTINA CARNEY                                    DEFENDANTS

ORDER

Now before the Court is the Government's Sixth Motion in Limine (Doc. 101) seeking the admission of evidence as intrinsic to the crimes charged in the Third Superseding Indictment (Doc. 148) or, in the alternative, as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" under Federal Rule of Evidence 404(b). In particular, the Government intends to introduce evidence of: (1) certain tax filings, omissions, and irregularities pertaining to 2nd Milk, Inc., the Carneys' non-profit organization; and (2) the absence of personal tax returns for the Carneys in tax years 2021–23.[1] For the reasons explained below, the Motion is **GRANTED**.

The Court first considers the admissibility of 2nd Milk's tax filings (or the lack thereof). The Government seeks to inform the jury that 2nd Milk did not provide its contractors with 1099 forms, did not remit W-2 forms to its employees, failed to disclose its contributors on form 990 Schedule B, and neglected to keep records in compliance

---

[1] The Motion also discusses Mr. Carney's 2024 tax return. At the time the Motion was filed, Mr. Carney had not been charged with tax fraud in 2024. That changed upon the filing of the Third Superseding Indictment. *See* Doc. 148, Count 20. Therefore, the 2024 return is relevant to the crimes Mr. Carney is accused of committing, and any objection to its introduction is **OVERRULED**.

1

with federal law from 2016 to 2022. Though Mr. Carney contends that 2nd Milk's "alleged failure to comply with various tax laws" does not "have any bearing on the conspiracy alleged in the Indictment," (Doc. 135, p. 3), the Court disagrees. The Government has accused the Carneys of abusing and attempting to abuse the non-profit, tax-exempt status of their company to confer unwarranted tax benefits on themselves, on 2nd Milk's board members, and on other individuals—for reasons unrelated to the charity's stated mission and purpose. *See* Doc. 148, ¶ 23. Therefore, evidence that would tend to show that the Carneys failed to keep and file accurate tax records of 2nd Milk's financial transactions is intrinsic to the fraud scheme charged in the Third Superseding Indictment. *See United States v. Swinton*, 75 F.3d 374, 378 (8th Cir. 1996) ("Where the charged offenses were . . . part of the series of transactions involving the same principal actors, in the same roles, and employing the same general modus operandi, the various acts may be considered to constitute a single scheme . . . . [and] 'intrinsic' to the charged counts . . . ."). In the alternative, this evidence is admissible under Rule 404(b) as probative of the Carneys' criminal intent, knowledge, and lack of mistake with respect to their alleged conspiracy to defraud 2nd Milk's donors.

Next, the Court turns to the admissibility of evidence that the Carneys failed to file personal tax returns in 2021, 2022, and 2023. The Government has charged Mr. Carney with tax fraud in 2018, 2019, 2020, and 2024, as detailed in Counts 16, 17, 18, and 20 of the Third Superseding Indictment. The absence of tax filings from 2021 to 2023 fills in the temporal gap between the tax fraud alleged in 2020 and the fraud alleged in 2024. Accordingly, the absence of returns from 2021 to 2023 is *res gestae* to the charged crimes

and is admissible. *See United States v. Parks*, 902 F.3d 805, 813 (8th Cir. 2018) (defining intrinsic evidence).[2]

**IT IS THEREFORE ORDERED** that the Government's Sixth Motion in Limine (Doc. 101) is **GRANTED**.

**IT IS SO ORDERED** on this __13th__ day of May, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Upon request, the Court would be agreeable to issuing a limiting instruction to the jury that clarifies that the Carneys are not charged with tax fraud for tax years 2021 to 2023.